**LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Plaintiff,**

v.

**BROTHERHOOD OF LOCOMOTIVE ENGINEERS, Brotherhood of Locomotive Firemen and Enginemen, et al., Defendants.**

Civ. A. No. 5126.

United States District Court
W. D. Kentucky,
Louisville Division.

April 19, 1966.

H. G. Breetz, Marvin D. Jones, E. W. Herde, Louisville, Ky., for plaintiff.

Charles I. Dawson, Richard W. Iler, Louisville, Ky., for Engineers and Sims.

Robt. E. Hogan, Louisville, Ky., Alex Elson, Chicago, Ill., Harold C. Heiss, Cleveland, Ohio, for Firemen and Enginemen and Dunaway and Davis.

JAMES F. GORDON, District Judge.

### FINDINGS OF FACT

1. This is a civil action arising under the Railway Labor Act (Title 45 U.S.C.A. § 151 et seq.), an Act of Congress regulating interstate commerce within the meaning of § 1337, Title 28 U.S.C.A.

2. The plaintiff, Louisville and Nashville Railroad Company (hereinafter referred to as L&N) is a common carrier within the meaning of the Railway Labor Act.

3. The defendant, Brotherhood of Locomotive Engineers (hereinafter referred to as BLE) is an unincorporated labor organization and is the duly certified collective bargaining representative of the engineers employed on the lines of the plaintiff, L&N, including the lines formerly owned by the N.C.&St.L. Railroad Company.

4. The defendant, Brotherhood of Locomotive Firemen and Enginemen (hereinafter referred to as BLF&E) is an unincorporated labor organization and is the duly selected collective bargaining

representative of the firemen employed on the lines of the plaintiff, L&N including the lines formerly owned by the N.C.&St.L. Railroad Company.

5. L&N now has, and for many years has had, a collective bargaining contract with defendant, BLE, governing wages, hours, working conditions, etc., applicable to the engineers employed on that company's railroad lines, and also a collective bargaining contract with defendant, BLF&E, governing wages, hours and working conditions, etc., applicable to the firemen employed on that company's railroad lines. Each of those collective bargaining contracts contained an article number XXV, paragraphs 24(a) to 24(j) of which governed the regulation of mileage, and an article numbered XXVI, paragraphs 2 to 12, inclusive, governing the hiring, promoting and demoting of engineers and firemen, respectively.

6. On January 11, 1929, the plaintiff, L&N, and the defendants, BLE and BLF&E, entered into a contract by the terms of which it was agreed, in substance, that general rulings or interpretations as to the proper construction of Article XXV, paragraphs 24(a) to 24(j), inclusive, governing the regulation of mileage, and Article XXVI, paragraphs 2 to 12, inclusive, governing the regulation of hiring, promoting and demoting of engineers and firemen, would not be made except by agreement between the parties to that contract, and that such contract should remain in effect so long as those provisions remained in the respective collective bargaining contracts of the two unions above referred to.

7. On November 3, 1964, BLE, in behalf of, and as the duly certified collective bargaining representative of the engineers employed on the L&N lines served upon the plaintiff, L&N a so-called Section Six notice to the effect that it was desired by BLE to eliminate paragraphs 24(a) to 24(j), inclusive of Article XXV of the collective bargaining contract between the plaintiff, L&N, and said defendant, BLE.

8. The defendant, BLF&E, claimed the right under its collective bargaining agreement, and specifically under the Tri-Parte Agreement of January 11, 1929, referred to in Finding No. 6, to participate in all negotiations which might arise under the Section Six notice above referred to, and further claimed that no change could be made in paragraphs 24 (a) to 24(j), inclusive, of Article XXV of the collective bargaining contract between L&N and BLE, and that same could not be eliminated, without the consent of BLF&E, each of which contentions is denied by the plaintiff, L&N, and by the defendant, BLE.

9. It is apparent that the respective claims of BLE and BLF&E in respect of the changes in the collective bargaining contract between L&N and BLE proposed in the Section Six notice presents a jurisdictional dispute between BLE and BLF&E.

## CONCLUSION OF LAW

1. Inasmuch as it is apparent from the foregoing Findings of Fact that the controversy in this case involves a jurisdictional dispute between BLE and BLF&E, this Court concludes, under the authority of General Committee of Adjustment of Brotherhood of Locomotive Engineers for the Missouri, Kansas and Texas Railroad Company v. Missouri K. & T. R. R. Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76, that it has no jurisdiction of the controversy presented by the complaint as amended, and that, therefore, the motion of the defendant, BLF&E, for a summary judgment in its behalf dismissing the complaint as amended should be sustained.

## JUDGMENT

On the basis of the Findings of Fact and Conclusion of Law above set out, it is ordered and adjudged that the motion of the defendant, BLF&E, for a summary judgment dismissing the complaint as amended be, and the same is hereby, sustained, and said complaint as amended is hereby dismissed.